UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN A. WITHERS,

    Plaintiff,

                                      Case No. 09-13874
v.                                  Hon. Lawrence P. Zatkoff

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC. and CHRYSLER GROUP, LLC,

    Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 30, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' motion to dismiss [dkt 5]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendants' motion is denied.

**II. BACKGROUND**

This case arises out of Defendants' alleged refusal to provide disability benefits to Plaintiff. Defendant Chrysler Group, LLC ("Chrysler") employed Plaintiff at its Detroit Axle plant for nearly ten years, beginning in August 1996 and ending with Plaintiff's June 22, 2005, termination. Chrysler designated Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") to

manage its sickness and disability claims.

Plaintiff alleges that he sought treatment for mental-heath disorders and anxiety as far back as March 1998. In November 2001, Plaintiff began treating with Dr. Jorge Zuniga, who diagnosed Plaintiff with schizoaffective disorder. As part of Plaintiff's treatment, Dr. Zuniga found it necessary for Plaintiff to take intermittent medical leave from his job.

On January 12, 2005, Plaintiff was issued a five-day disciplinary layoff due to excessive tardiness. During the layoff, Plaintiff was involved in an automobile accident in which he suffered various injuries. Plaintiff's injuries prevented him from returning to work after his leave expired. While recuperating, Plaintiff moved to a new address. The parties dispute whether notice of the new address was provided to Chrysler.

Chrysler allegedly demanded that Plaintiff substantiate his absences, but the demand letters were apparently sent to Plaintiff's prior address. Plaintiff avers that he did not receive the demand letters and was unaware that Chrysler was attempting to contact him. When Plaintiff eventually returned to work in June 2005, he was terminated because he had failed to respond to Chrysler's inquiries.

Plaintiff applied for Social Security benefits on March 30, 2007, and he was found completely disabled as of January 5, 2005. Plaintiff sought next to obtain his employment file from Chrysler so that he could apply for disability benefits from Chrysler. The provided file consisted of only ten pages of documents. Plaintiff's counsel found this odd, considering that Plaintiff had been employed for over nine years, so he requested Plaintiff's complete file, along with a copy of the disability-insurance policy and a description of the benefits plan. Despite several attempts to contact Defendants, Plaintiff alleges that these materials have never been provided.

As a result, Plaintiff filed the current lawsuit in the Oakland County Circuit Court seeking a declaration that he is entitled to disability benefits under the benefits plan. Defendants removed the case to this Court alleging that the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185, preempted Plaintiff's state-law claims. Defendants have now moved to dismiss Plaintiff's complaint.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . . .'").

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary

3

judgment pursuant to Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(d).

## IV.  ANALYSIS

Defendants seek dismissal under the LMRA based on the following arguments: (1) the statute of limitations has expired; (2) Plaintiff did not exhaust his administrative remedies; and (3) the denial of benefits was not arbitrary or capricious.

**A.  Governing Law**

Entwined with the parties' statute of limitations arguments is Plaintiff's contention that his claim is more properly construed as arising under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, rather than the LMRA, because he seeks only a declaration of his entitlement to disability benefits under an ERISA-governed plan.  Defendants maintain that the LMRA governs this lawsuit.

The Sixth Circuit has found that a claim for benefits under an ERISA-plan subject to a collective-bargaining agreement can be brought under either the ERISA or the LMRA, or both statutes.  *See Biros v. Spalding-Evenflo Co., Inc.*, 934 F.3d 740, 742 (6th Cir. 1991).  That is, the LMRA does not preempt an ERISA claim simply because the ERISA plan is established pursuant to a collective-bargaining agreement.  *See Haynor v. Gen. Motors Corp.*, 606 F. Supp. 2d 675, 683 (E.D. Mich. 2009) ("Therefore, the defendant's argument that the plaintiff's ERISA claim is preempted by the LMRA is without merit.").

The Sixth Circuit's decision in *Aloisa v. Lockheed Martin Energy Systems, Inc.*, 321 F.3d 551 (6th Cir. 2003), does not compel a conclusion to the contrary.  In *Aloisa*, the Court found that the plaintiff was required to proceed under the LMRA—and its shorter statute of limitations—instead of resorting to ERISA.  However, the court noted that the plaintiff charged the

4

defendant solely with conduct violative of the LMRA, which did not implicate ERISA. *See id.* at 556; *accord Hill v. Blue Cross & Blue Shield of Mich.*, 299 F. Supp. 2d 742, 753 (E.D. Mich. 2003), *rev'd on other grounds*, 409 F.3d 710 (6th Cir. 2005) (discussing *Aloisa* and allowing ERISA claim because "this case is not solely about an employer's noncompliance with a CBA").

After reviewing Plaintiff's complaint, the Court finds that Plaintiff's complaint is properly construed as an ERISA claim. Plaintiff seeks only a determination that he is entitled to disability benefits under an ERISA-governed plan.[1] The fact that the plan is available pursuant to a collective-bargaining agreement does not alter the nature of the plan. *See, e.g.*, *Shadley v. IBA Health & Life Assurance Co.*, No. 4:91-CV-38, 1992 WL 439760, at *3 (W.D. Mich. Aug. 21, 1992) ("The fact that the ERISA plan was a collectively bargained for fringe benefit is of no moment. By virtue of that plan, defendant allegedly undertook certain responsibilities separate and distinct from its responsibilities under the collective bargaining agreement."). Moreover, the complaint does not allege any participation by the union, nor does it require the interpretation of any terms of the collective-bargaining agreement outside those contained in the disability plan. Finally, Plaintiff is not challenging his termination as an employee, and his only claim regards the benefits plan. Therefore, the Court will proceed under ERISA.

## B. Exhaustion

---

[1]Defendants argue that the plan has previously been adjudicated as not falling within the provisions of ERISA, citing *Hall v. ESIS, Inc.*, No. 04-75050, 2005 WL 2033500 (E.D. Mich. Aug. 19, 2005) (finding DaimlerChrysler's Group Accident and Insurance plan was not subject to ERISA requirements). This argument is unconvincing for three reasons: (1) Plaintiff is seeking benefits here under the Life, Disability, and Heath Care Benefit Program, which appears to be a separate program; (2) the program at issue specifically names an administrator and references ERISA, *see* Def.'s Ex. 1, Pt. A, pp. 36–37; and (3) *Hall* was decided on summary judgment, and the Court is not privy to the factual information necessary to make such a determination in this case.

Based on the arguments presented in the briefs, it occurs to the Court that Plaintiff has not exhausted his administrative remedies prior to filing suit. "The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991).

The plan at issue contains an administrative procedure for challenging an adverse decision, which involves local union participation and appellate provisions. *See* Def.'s Ex. 1, Pt. A, p. 26. Plaintiff, however, filed this suit after Defendants failed to respond to his requests and application, and he never attempted to utilize the administrative procedures contained in the plan.

Plaintiff argues that the use of the word "may" in the appeal process renders the appeal permissive rather than mandatory. This, however, does not absolve him under ERISA for not pursuing those procedures. *See Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 454 (6th Cir. 1991) ("The fact that permissive language was used in framing the administrative review provision makes no difference."). Plaintiff also contends, however, that he was unable to exhaust his remedies because Defendants did not provide the proper documentation, including a copy of the plan, and he was therefore unaware of his remedies.

"Generally, an administrator's failure to comply with ERISA procedural requirements can result in a remand by the reviewing court to the administrator." *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 436 (6th Cir. 2006); *see also Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 622 (6th Cir. 2006) ("Thus, we believe that a remand to the district court with instructions to remand to MetLife for a full and fair inquiry is the proper remedy here."). However, there is insufficient evidence on the current record for the Court to determine whether remand is appropriate in this case.

Accordingly, IT IS HEREBY ORDERED that each party submit a brief within 10 days of

the entry of this order that addresses the following issues:

> (1) Whether this case should be remanded to the plan administrator with instructions to timely process Plaintiff's claim so that the Court has a full administrative record to review in the case that Plaintiff's claim is denied; and
>
> (2) Whether Defendants are liable for statutory penalties under 29 U.S.C. § 1132(c) for failing to provide Plaintiff with the requested plan documents.

Each party's brief shall be limited to 10 pages and otherwise comply with the applicable rules of pleading. After reviewing the parties' briefs, the Court will take appropriate action.

## **V. CONCLUSION**

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss [dkt 5] is DENIED.

IT IS FURTHER ORDERED that the parties submit briefing on the requested issues within 10 days of this order being entered.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2010

CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 30, 2010.

              S/Marie E. Verlinde
              Case Manager
              (810) 984-3290